UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY DIVALENTINO,

                        Petitioner,                    **DECISION AND ORDER**

          -against-                             21 Civ. 4534 (PMH) (AEK)

SUPT. MICHAEL MILLER, Green Haven
Correctional Facility,

                        Respondent.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Currently before the Court is Petitioner's motion to stay this habeas proceeding so that he may exhaust a claim of ineffective assistance of trial counsel, which Petitioner raised in a motion pursuant to § 440.10 of the New York Criminal Procedure Law ("CPL") that he filed in state court on December 8, 2021.  ECF No. 19 ("Pet. Letter").  For the reasons that follow, the motion is DENIED.

## BACKGROUND

      Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus, challenging his conviction, following a jury trial, for the crimes of attempted assault in the first degree, intimidating a victim or witness in the second degree (three counts), criminal mischief in the second degree, aggravated criminal contempt, criminal contempt in the first degree, conspiracy in the second degree, and criminal solicitation in the second degree.  ECF No. 2 ("Petition").  The Petition raises seven purported grounds for relief:  (1) the conviction was not supported by legally sufficient evidence; (2) prosecutorial misconduct involving improper questioning of

certain witnesses and improper remarks during summation[1]; (3) ineffective assistance of trial counsel based on counsel's failure to request a *Cardona* hearing[2]; (4) Petitioner's sentence was excessive and imposed by the judge in a vindictive manner[3]; (5) ineffective assistance of both trial and appellate counsel based on the failure to argue that no evidence of an agreement—which was necessary to support a conspiracy charge—existed; (6) ineffective assistance of trial counsel based on the failure to cross-examine a prosecution witness about the witness's criminal

---

[1] On direct appeal, Petitioner's claim concerning prosecutorial misconduct was framed as a claim for deprivation of the right to a fair trial. *See* ECF Nos. 15-3 ("Resp. Exs. Vol. 3") at 262-66 (pages 36-40 of Petitioner's brief on direct appeal) & 15-4 ("Resp. Exs. Vol. 4") at 331-36 (pages 56-61 of Respondent's brief on direct appeal); *People v. DiValentino*, 154 A.D.3d 872, 873 (2d Dep't 2017) (addressing "defendant's contention that he was deprived of a fair trial based on several instances of alleged prosecutorial misconduct"). Petitioner also claims ineffective assistance of trial counsel based on counsel's failure to object to the prosecutorial misconduct, *see* ECF No. 3 ("Habeas Mem.") at 34, and adds that trial counsel was ineffective for failing to use a peremptory challenge to remove a juror during jury selection; failing to object to the testimony of another prosecution witness; and failing to object when the prosecution elicited hearsay statements from witnesses, *id.* at 35-36.

[2] "In New York, a *Cardona* hearing is the functional equivalent of a hearing held pursuant to *Massiah v. United States*, 377 U.S. 201 (1964)." *Donahue v. Griffin*, No. 12-cv-0752 (MJR), 2016 WL 5404584, at *25 (W.D.N.Y. Sept. 28, 2016). "A *Massiah* hearing tests the admissibility of statements given by an indicted defendant to the government or its agents. Under *Massiah,* the Sixth Amendment right to counsel is violated when a private individual acting as a government agent deliberately elicits incriminating statements from an accused in the absence of his [or her] counsel." *Fox v. Bezio*, No. 10-cv-2986 (JG), 2011 WL 837158, at *3 n.5 (E.D.N.Y. Mar. 7, 2011) (internal citation omitted). "A *Cardona* hearing . . . is held in New York State court proceedings and tests whether a prosecution witness was acting as an agent of the District Attorney when he or she spoke to the defendant in jail." *Id.* (citing *People v. Cardona,* 41 N.Y.2d 333 (1977)).

In this habeas proceeding, Petitioner also claims ineffective assistance of appellate counsel based on the failure to raise this claim of ineffectiveness of trial counsel on appeal. Habeas Mem. at 60-65.

[3] Petitioner claims ineffective assistance of appellate counsel based on the failure to raise the sentence issue on appeal. Habeas Mem. at 66-78, 88-90; *see* ECF Nos. 15-7 ("Resp. Exs. Vol. 7") at 651-63 (raising issue of vindictive sentencing in Petitioner's second *coram nobis* petition).

history, and ineffective assistance of appellate counsel based on the failure to raise this claim of ineffectiveness on appeal; and (7) actual innocence. Petition ¶ 12; *see generally* Habeas Mem. Respondent filed an opposition to the Petition, ECF Nos. 14-16, and in a letter dated December 9, 2021, Petitioner requested a 180-day extension of time to file his reply, ECF No. 17.[4] Thereafter, on December 20, 2021, Petitioner—through counsel—filed the instant motion to stay this habeas proceeding. Pet. Letter.[5] The claim raised in the pending § 440.10 motion that has given rise to the motion to stay is that "petitioner's trial counsel was ineffective for not moving to suppress the testimony of a jailhouse informant on the ground that the informant was acting as an agent of the state when he elicited incriminating statements from petitioner." *Id.* at 2 (citing *Massiah*, 377 U.S. 201).

Petitioner argues that he can satisfy the standard for granting a stay articulated by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court held that in the case of a "mixed petition," *i.e.*, a petition including both exhausted and unexhausted claims, a district court may grant a stay to allow for exhaustion of a claim in state court if the petitioner "[1] had good cause for his [or her] failure to exhaust, [2] his [or her] unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

First, Petitioner claims that he had good cause for his failure to exhaust his new ineffective assistance claim since he had the "reasonable confusion" of "being without counsel and/or of prior counsel not presenting the grounds at issue to the state court" and because

---

[4] Petitioner has sent three follow-up letters regarding the status of this request. *See* ECF Nos. 21-23.

[5] Counsel filed a limited notice of appearance in this proceeding solely for the purpose of filing the instant motion to stay. ECF No. 18.

Petitioner "is a layperson who has litigated his post-conviction claims *pro se*, and moreover, this is not a claim that could have been litigated on direct appeal because it hinges in part on evidence outside the record." Pet. Letter at 2-3.  Second, Petitioner asserts that the ineffective assistance claim raised in his pending § 440.10 motion is "not 'plainly without merit.'" *Id.* at 3.  Third, Petitioner states that he is not seeking to cause delay; the § 440.10 motion "has already been filed, and its purpose is not to delay the resolution of this petition but to litigate a serious claim." *Id.*  Petitioner notes that if his motion for a stay is granted, then in accordance with *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001), he "will return to federal court within 30 days after his state claims are exhausted, assuming of course that those claims do not result in relief in state court, and will move to amend the petition to assert such claims." Pet. Letter at 3.

Respondent opposes the motion for a stay.  ECF No. 20 ("Resp. Letter").  Among other things, Respondent argues that Petitioner's new claim of ineffective assistance of counsel is actually the same claim that he raised on direct appeal and that was denied on the merits by the Appellate Division, and thus it is procedurally barred from review pursuant to § 440.10(2)(a). *Id.*; *see* N.Y. Crim. Proc. Law § 440.10(2)(a).[6]  Respondent further contends the claim would be procedurally barred by § 440.10(3)(c) since it could have been raised in either of Petitioner's prior two § 440.10 motions and is neither based on facts previously unknown to Petitioner nor based on a retroactive change in the law—although Respondent acknowledges that this would be a "discretionary procedural bar" to review of the claim.  Resp. Letter at 2; *see* N.Y. Crim. Proc.

---

[6] "[T]he court must deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue[.]"  N.Y. Crim. Proc. Law § 440.10(2)(a).

4

Law § 440.10(3)(c).[7] In addition, Respondent argues that Petitioner fails to demonstrate good cause for his failure to exhaust this claim prior to filing his Petition, given that Petitioner filed two prior § 440.10 motions and two *coram nobis* petitions prior to filing the federal habeas Petition here, and given that seven months elapsed between the filing of his Petition and the filing of this third § 440.10 motion and seeking a stay. Resp. Letter at 2.

## DISCUSSION

I. **Procedural History and Application of the Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for the filing of a federal habeas petition that, as relevant here, begins to run from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In this case, the New York Court of Appeals denied Petitioner's application for leave to appeal the Appellate Division's denial of his direct appeal on January 4, 2018. *People v. DiValentino*, 30 N.Y.3d 1104 (2018). Because Petitioner did not file a petition for a writ of certiorari seeking review of the New York state court decision in the United States Supreme Court, his conviction became final on April 4, 2018, 90 days after the order denying his application for leave to appeal to the New York Court of Appeals. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003). Accordingly, Petitioner would have had until April 4, 2019 to file his habeas petition based on the date his direct appellate review was completed.

---

[7] "[T]he court *may* deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." N.Y. Crim. Proc. Law § 440.10(3)(c) (emphasis added).

On July 6, 2018, however, after 93 days had run on the AEDPA statute of limitations, Petitioner filed a *pro se* petition for a writ of error *coram nobis*, *see* ECF No. 15-5 ("Resp. Exs. Vol. 5") at 454-70,[8] which served to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The Appellate Division denied the *coram nobis* petition on November 7, 2018, *People v. DiValentino*, 166 A.D.3d 645 (2d Dep't 2018), and the Court of Appeals denied Petitioner's application for leave to appeal on March 12, 2019, *People v. DiValentino*, 33 N.Y.3d 947 (2019). The statute of limitations then resumed running for another 106 days, until June 26, 2019, when Petitioner filed his second § 440.10 motion, *see* ECF No. 15-6 ("Resp. Exs. Vol. 6") at 518-25,[9] which once again served to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).[10] The claims in that motion were fully exhausted on June 12, 2020, when the Appellate Division denied Petitioner's motion to reargue the denial of his application for leave to appeal the denial of his § 440.10 motion. *See*

---

[8] "Under law, a prisoner's petition for a writ of habeas corpus is deemed filed on the date it is provided to a prison official, otherwise known as the 'prison-mailbox rule.' . . . [T]he Second Circuit has held that the prison mailbox rule applies to *coram nobis* petitions." *Joseph v. Conway*, No. 07-cv-5223 (LDH), 2021 WL 3424730, at *2 (E.D.N.Y. Aug. 4, 2021) (citing *Fernandez v. Artuz*, 402 F.3d 111, 112, 116 (2d Cir. 2005)).

[9] The prison mailbox rule applies to Petitioner's § 440.10 motion as well. *See Ruiz v. Poole*, 566 F. Supp. 2d 336, 340 n.1 (S.D.N.Y. 2008).

[10] Petitioner had filed a previous § 440.10 motion on August 7, 2015, *see* ECF No. 15-1 ("Resp. Exs. Vol. 1") at 23-57, which was fully exhausted, according to the records provided by Respondent, on June 6, 2016, when the trial court issued its decision denying Petitioner's motion for reconsideration/re-argument of the denial of the § 440.10 motion, *see* Resp. Exs. Vol. 3 at 217-20. The timing of this motion has no bearing on the calculation of the statute of limitations here.

*id.* at 600.[11]  The statute of limitations then resumed running for another 28 days, until July 10, 2020, when Petitioner filed his second petition for a writ of error *coram nobis*, *see* ECF Nos. 15-7 ("Resp. Exs. Vol. 7"), 15-8 ("Resp. Exs. Vol. 8"), 15-9 ("Resp. Exs. Vol. 9"), 15-10 ("Resp. Exs. Vol. 10"), which once again served to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).  The Appellate Division denied the second *coram nobis* petition on December 30, 2020, *People v. DiValentino*, 189 A.D.3d 1612 (2d Dep't 2020), and the Court of Appeals denied Petitioner's application for leave to appeal on April 26, 2021, *People v. DiValentino*, 36 N.Y.3d 1119 (2021).  The statute limitations then ran another 5 days, until May 1, 2021, the date on which Petitioner filed the Petition.[12]

By the Court's calculation, 232 days of the one-year limitations period had run by the time the Petition was filed, and another 133 days remained.[13]  The pending (third) § 440.10

---

[11] Petitioner filed an earlier federal habeas petition related to his judgment of conviction on March 10, 2020, *see DiValentino v. Royce*, No. 20-cv-2271 (LLS) (S.D.N.Y.), but on July 9, 2020, the district court dismissed that petition without prejudice following Petitioner's requests to withdraw it so that he could exhaust his state court remedies.  *See id.*, ECF No. 8, Order of Dismissal.  "[T]he time [a petitioner's] federal habeas petition is pending does not toll the limitation period," *Walden v. Walcott*, No. 19-cv-11409 (GBD) (SN), 2020 WL 13220026, at *2 (S.D.N.Y. Nov. 5, 2020) (citing *Duncan v. Walker*, 533 U.S. 167 (2001)), but because Petitioner's second § 440.10 motion was still pending when the prior federal habeas petition was filed, the Court does not consider the prior federal habeas filing to have ended the statutory toll of the AEDPA statute of limitations.

[12] Pursuant to the prison mailbox rule, *see* footnote 9, *supra*; *see also Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001), a habeas petition is deemed filed as of the date it was given to prison officials for mailing.  One page of the Petition states that Petitioner placed the filing in the prison mailing system on May 1, 2021, *see* Petition at 14, but the Certificate of Service states that he placed the Petition in the mail on May 2, 2021, *see* Petition at 25.  For purposes of this Decision and Order, the Court deems the Petition to have been filed on May 1, 2021.

[13] Respondent states that when Petitioner commenced this proceeding on May 1, 2021, there were 97 days left in the one-year statute of limitations, *see* Resp. Letter at 1, but Respondent provides no explanation for how he arrived at this number of days.  In any event, the difference between the Court's calculation and Respondent's calculation does not affect the analysis here.

motion was filed on December 8, 2021, 221 days after the filing of the Petition. In this motion, Petitioner states that the application is based in part on matters outside the record. *See* ECF No. 19-1 (currently pending § 440.10 motion papers) at 10[14] ¶ 29 ("[Petitioner's] claim is predicated not only upon the record but on his attached affidavit, in which he attests to evidence outside the record (namely his discussions or lack thereof with [trial counsel]) showing that [trial counsel's] failure to move to suppress [the confidential informant's] testimony was not a matter of strategy."). In his affidavit filed in support of the motion, Petitioner states that "at no time did [trial counsel] ever say to me that he had a strategic reason for not making" a motion to suppress the confidential informant's testimony, "nor did [trial counsel] ever say that he had any strategic reason for wanting and/or permitting [the confidential informant] to testify"; and Petitioner adds that "[i]f called as a witness in court, I would testify to the above as well as to other relevant facts surrounding the ineffective assistance claim made in this motion." *Id.* at 32 ¶¶ 11-12.

As both parties note in their submissions on the motion to stay, this filing was made after AEDPA's one-year statute of limitations, rendering any potential new habeas claim for ineffective assistance of counsel untimely. Nonetheless, Petitioner could potentially amend the Petition once he exhausts the ineffective assistance of counsel claim in his currently pending § 440.10 motion if that claim relates back to the date of the original Petition. *See* 28 U.S.C. § 2242 (allowing habeas petitions to be amended "as provided in the rules of procedure applicable to civil actions"). Indeed, Petitioner states in his motion to stay that he will seek to amend the Petition to include the claim once it is fully exhausted. It is not necessary, however, for the

---

[14] The Court cites to the page numbers assigned by the electronic case filing (ECF) system.

Court to determine at this time whether a potential amendment to the Petition would be permissible, as that issue need not be resolved in order to address Petitioner's motion for a stay.[15]

## II. The *Rhines* Standard for Granting a Stay

The parties dispute whether Petitioner has satisfied the standard for granting a stay set forth in *Rhines* which, as previously noted, applies in the case of a "mixed petition," *i.e.*, a petition including both exhausted and unexhausted claims. The Petition in this case is not "mixed"—the ineffective assistance of counsel claim that Petitioner is working to exhaust through his pending § 440.10 motion is new, and is therefore not included in the Petition at all. Accordingly, it is unclear whether the *Rhines* standard for a stay even applies. *See Curran v. Keyser*, No. 19-cv-4196 (CS) (LMS), 2020 WL 3318128, at *4 (S.D.N.Y. June 18, 2020) (citing *Escalera v. Lempke*, No. 15-cv-00674 (MAT), 2018 WL 3342572, at *1 (W.D.N.Y. July 9, 2018) ("Courts in this Circuit have disagreed over whether petitioners seeking to exhaust new claims may seek a stay under *Rhines*.") (internal quotation marks omitted)). Nonetheless, for the purpose of resolving Petitioner's pending application, the Court assumes without deciding that habeas petitioners may seek a stay pursuant to *Rhines* in order to exhaust new claims not raised in the original petition. *See id.*

Pursuant to *Rhines*, federal courts may grant a stay to allow for exhaustion of a claim in state court if the petitioner can demonstrate (1) good cause for the failure to exhaust; (2) that the

---

[15] Moreover, the Court need not and will not opine here on whether the state court would find the claim raised in Petitioner's pending § 440.10 motion to be procedurally barred pursuant to § 440.10(2)(a) as a "ground or issue . . . previously determined on the merits upon an appeal from the judgment." Nor will the Court opine on whether the state court, as a matter of discretion, will find the claim to be procedurally barred pursuant to § 440.10(3)(c) as a claim that Petitioner "was in a position adequately to raise" in one of his prior § 440.10 motions but failed to do so. In sum, the Court will not determine one way or the other whether the motion to stay is futile based on either of these state procedural bars.

9

unexhausted claim is not plainly meritless; and (3) that the petitioner did not engage in intentionally dilatory litigation tactics. *See* 544 U.S. at 277-78. Here, Petitioner has failed to demonstrate good cause for his failure to exhaust his ineffective assistance of counsel claim prior to filing the Petition, and the motion to stay must be denied for this reason alone.

In the motion to stay, Petitioner's counsel maintains that there is good cause for Petitioner's failure to exhaust based on his "reasonable confusion" of "being without counsel and/or of prior counsel not presenting the grounds at issue to the state court," because Petitioner "is a layperson who has litigated his post-conviction claims *pro se*, and moreover, [because] this is not a claim that could have been litigated on direct appeal because it hinges in part on evidence outside the record." Pet. Letter at 2-3. First, the extensive state court record that has been developed following Petitioner's conviction makes plain that Petitioner has not been confused with respect to how to exhaust any of his other habeas claims. Indeed, Petitioner, proceeding *pro se*, filed two prior § 440.10 motions and two *coram nobis* petitions which served to exhaust claims included in his existing Petition, and the need to exhaust his claims in state court is what prompted Petitioner to withdraw his previously-filed habeas petition, *see* footnote 11, *supra*. Second, to the extent Petitioner is claiming confusion based on the failure of trial counsel to raise the issue that is the subject of his current § 440.10 motion, Petitioner does not seem to have been confused by that either. In fact, one of the claims that Petitioner has exhausted already pertains to the alleged ineffective assistance of trial counsel in failing to request a *Cardona* hearing, which is closely related to the new claim he is seeking to exhaust via the current § 440.10 motion. *See* Resp. Exs. Vol. 3 at 267-68 (pages 41-42 of Petitioner's brief on direct appeal); Resp. Exs. Vol. 4 at 341-44 (pages 66-69 of Respondent's brief on direct appeal); *People v. DiValentino*, 154 A.D.3d 872, 873 (2d Dep't 2017) ("Contrary to the defendant's contention,

10

raised in his main brief and *pro se* supplemental brief, he was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation.").[16]  Third, Petitioner's *pro se* status or the fact that he is not a lawyer does not constitute good cause for failing to exhaust the current claim earlier.  *See, e.g.*, *Robinson v. Bell*, No. 19-cv-0777 (GTS), 2020 WL 8673984, at *3 (N.D.N.Y. July 20, 2020) ("[A] petitioner's *pro se* status and inexperience with the law have consistently been deemed insufficient factors to establish good cause.") (citing cases); *Jones v. Miller*, No. 14-cv-9774 (PAC) (GWG), 2016 WL 8471357, at *9 (S.D.N.Y. May 17, 2016) ("To the extent Jones means to argue that he was ignorant of the legal requirements for exhausting his claim, such an argument does not permit a finding that the 'good cause' standard has been met.") (citing cases), *adopted by* 2017 WL 980335 (S.D.N.Y. Mar. 9, 2017).

Finally, while it may be technically correct that the current claim could not have been raised on direct appeal because it is based on material outside of the record, that explanation is not sufficient to constitute good cause here because the only evidence outside the record that Petitioner cites in support of his new ineffective assistance of counsel claim is his own testimony.  Petitioner would have been aware of this newly-presented information—*i.e.*, his own discussions with trial counsel—throughout the lengthy history of his challenges to his convictions, and there is no reason why he could not have raised these points far earlier.  *See, e.g., Holguin v. Lee*, No. 13-cv-1492 (LGS) (JLC), 2013 WL 3344070, at *2 (S.D.N.Y. July 3,

---

[16] Petitioner also has already exhausted his claim of ineffective assistance of appellate counsel for failure to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to request a "*Massiah/Cardona*" hearing.  *See* Resp. Exs. Vol. 7 at 645-50 (pages 36-41 of Petitioner's second petition for a writ of error *coram nobis*).

11

2013) ("The court cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier.") (quotation marks omitted).

Because Petitioner has failed to establish good cause for his failure to exhaust, the Court need not decide whether Petitioner satisfies the other two *Rhines* factors. *See Tineo-Santos v. Piccolo*, No. 19-cv-5038 (MKV) (JLC), 2021 WL 266561, at *7 (S.D.N.Y. Jan. 27, 2021) ("Because Tineo-Santos has failed to demonstrate 'good cause' for his failure to exhaust, the Court need not consider whether the claims he seeks to exhaust are 'plainly meritless' or whether [he] engaged in deliberate delay.") (quotation marks omitted). As Petitioner is unable to satisfy the *Rhines* standard, the motion for a stay is DENIED.

\* \* \* \* \* \* \* \* \*

Although the Court declines to stay this proceeding, the Court GRANTS in part Petitioner's motion for an extension of time to serve and file his reply. Rather than the 180-day extension sought by Petitioner, Petitioner's deadline to serve and file his reply papers is hereby extended by 90 days from the date of this Order, *i.e.*, until September 6, 2022.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a stay (ECF No. 19) is DENIED.

Counsel for Petitioner, who has entered a limited notice of appearance, *see* ECF No. 18, is directed to deliver a copy of this Decision and Order, as well as copies of all cases cited in the Decision and Order that are available only via electronic databases, to Petitioner—either in person or by mail—to ensure that Petitioner is aware of all relevant deadlines in this habeas proceeding. By June 15, 2022, counsel for Petitioner is directed to submit a letter via ECF confirming that he has provided these items to Petitioner.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 19.

Dated: June 7, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge